**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WAI LEUNG CHU, | : | |
| | : | Civil Action No. 07-2707 (JBS) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JOHN M. HOLLIDAY, ESQ, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES**:

Plaintiff pro se
Wai Leung Chu
FDC Philadelphia
P.O. Box 562
Philadelphia, PA 19106

**SIMANDLE**, District Judge

    Plaintiff Wai Leung Chu, a prisoner confined at the Federal Detention Center in Philadelphia, Pennsylvania, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff was convicted in this Court of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320(a). See United States v. Chu, 06-cr-0656 (JBS). Plaintiff has not yet been sentenced.

Plaintiff alleges that his attorney, John M. Holliday, deprived him of his constitutional right to effective assistance of counsel, pursuant to the Fifth and Sixth Amendments, by failing to prepare for trial and by committing various trial errors.

Plaintiff seeks compensatory and punitive damages, and all other just and proper relief.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C.

§ 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d

3

371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   ANALYSIS

Although Plaintiff was convicted in federal court, he asserts this claim against Defendant Holliday pursuant to 42 U.S.C. § 1983, which provides a remedy for certain unconstitutional conduct by state actors.  Plaintiff has alleged no facts that would suggest that Defendant Holliday can be considered a state actor.

An attorney may be entitled to dismissal of a civil rights action on the ground that it fails to state a claim, because lawyers, typically, are not "state actors."  "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."  Polk County v. Dodson, 454 U.S. 312, 318 (1981).  Similarly, a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk Co. v. Dodson, 454 U.S. at 325.  Moreover, court-appointed counsel, public defenders, and investigators employed by a public defender are absolutely immune from civil liability under § 1983 when acting within the scope of their professional duties.  Black v. Bayer, 672 F.2d 309, 317 (3d Cir.), cert. denied, 459 U.S. 916 (1982).

Nor does Plaintiff state a claim under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

In <u>Bivens</u>, the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages.  The Supreme Court has also implied damages remedies directly under the Eighth Amendment, <u>see</u> <u>Carlson v. Green</u>, 446 U.S. 14 (1980), and under the equal protection component of the Fifth Amendment's Due Process Clause, <u>see</u> <u>Davis v. Passman</u>, 442 U.S. 228 (1979).  But "the absence of statutory relief for a constitutional violation does not necessarily mean that courts should create a damages remedy against the officer responsible for the violation."  <u>Schreiber v. Mastrogiovanni</u>, 214 F.3d 148, 152 (3d Cir. 2000) (citing <u>Schweiker v. Chilicky</u>, 487 U.S. 412 (1988).  This Court can locate no case in which the Court of Appeals for the Third Circuit has implied a <u>Bivens</u> remedy for a violation of the Fifth and Sixth Amendments right to counsel. Moreover, Plaintiff has failed to allege any facts suggesting that Defendant Holliday could be considered a federal officer.

In any event, any claim for damages arising out of alleged ineffective assistance of counsel at trial is premature until such time as Plaintiff's conviction is overturned or otherwise invalidated.  <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477, 486 (1994); <u>Roberts v. Childs</u>, 956 F.Supp. 923, 925 (D.Kan.), <u>aff'd</u>, 125 F.3d 862 (10th Cir. 1997).

Nothing in this Opinion should be construed as determination as to whether Plaintiff received effective assistance of counsel in his criminal matter.

## V.   CONCLUSION

For the reasons set forth above, the Complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.  It does not appear that Plaintiff could amend the Complaint to state a claim at this time.  See, e.g., Banks v. Hayward, 2007 WL 470472 (3d Cir. Feb. 13, 2007).  An appropriate order follows.

 s/ Jerome B. Simandle  
Jerome B. Simandle  
United States District Judge

Dated:  **June 21, 2007**